**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**MOBILE DIVISION**

| | | |
|---|---|---|
| **ASHLEY GIBBS,** | ) | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:26-cv-00101-WS-M** |
| | ) | |
| **RESURGENT CAPITAL SERVICES, L.P.,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**RULE 26(f) REPORT OF THE PARTIES' PLANNING MEETING**

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Preliminary Scheduling Order, Plaintiff, Ashley Gibbs, and Defendant, Resurgent Capital Services, L.P., by and through their undersigned counsel of record, hereby submit the following report of the Parties' Rule 26(f) conference:

1. The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on: May 28, 2026:
   - Noelle Sillmon, representing the Plaintiff, Ashley Gibbs; and
   - Frank Springfield, representing the Defendant, Resurgent Capital Services, L.P.
2. The parties do not request a conference with the court before entry of the scheduling order.
3. Plaintiff's Position: Plaintiff alleges Defendant continued communications after Plaintiff sent her refusal to pay text message, violated 15 U.S.C. § 1692c(c). As a result of Resurgent's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages, reasonable attorney's fees, and

costs.

4. Defendant's Position: Resurgent denies the allegations of improprieties and violations of law made against it and denies that it caused any injury or damage to Plaintiff. Resurgent's actions at all times complied with common law and statutory schemes found in the FDCPA. Resurgent readopts and realleges all affirmative defenses from its Answer filed in response to Plaintiff's Complaint as if fully set forth herein. In making this statement, Resurgent does not waive any defenses and reserves the right to supplement this statement as this case and the facts develop. Resurgent reserves the right to rely on additional defenses not disclosed herein.

5. Initial Disclosures. The parties will exchange by **June 3, 2026**, the information required by Fed.R.Civ.P. 26(a)(1).

6. This jury trial action should be ready for trial by **May 2027** and at this time is expected to take approximately **16-24** hours.

7. The parties request a pretrial conference 45 days before trial.

8. Discovery Plan. The parties propose this discovery plan:

   a. Discovery will be needed on the following subjects:

      i. Plaintiff's claims and the defenses of each Defendant;

      ii. The facts and circumstances surrounding each and every affirmative defense of each Defendant and documents relating thereto, and the facts and circumstances surrounding each and every claim of Plaintiff, and documents relating thereto.

      iii. Any expert testimony identified by any party;

   b. **<u>Plaintiff:</u>** Plaintiff will need discovery regarding including but not limited to the following subjects against Defendants: all facts alleged in the complaint and defenses raised, including but not limited to Defendants'

credit reporting. Plaintiff seeks discovery related to Defendants' policies and procedures and any violations of the FDCPA (15 U.S.C. § 1692c and 1692c(c)) arising from their communications and collection activities.

c. **Defendant:** Resurgent anticipates that discovery will be needed regarding: (i) Plaintiff's allegations in the Complaint; (ii) Plaintiff's opening of the subject account and communications with the original creditor and Resurgent regarding the subject account; (iii) the creation and delivery of Plaintiff's alleged refusal to pay text message; (iv) Plaintiff's representations in her subject text message; (v) Plaintiff's alleged damages; and (vi) deposition and testimony of Plaintiff, expert witnesses and any other potential witnesses who have knowledge of Plaintiff's claims or alleged injuries.

9. All discovery shall be commenced in time to be completed by **December 21, 2026**. The parties agree to accept service of discovery requests and responses via electronic mail.

10. The Plaintiff request until **June 8, 2026**, to join additional parties and amend the pleadings.

11. The Defendant request until **July 8, 2026**, to join additional parties and amend the pleadings.

12. Reports of retained experts under Rule 26(a)(2) are due:

    i. From the Plaintiff by **September 9, 2026**.

    ii. From the Defendants by **October 9, 2026**.

    iii. Supplementations under Rule 26(e) shall be due on **November 9,**

**2026**.

13. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from all parties **thirty (30)** days before trial. Parties should have **fourteen (14)** days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

14. Discovery Limits:

    a. Maximum of **30** interrogatories by each party to any other party.
    b. Responses due **30 days** after service.
    c. Maximum of **10** depositions by plaintiff and **10** depositions by defendant.
    d. Each deposition limited to maximum of **7 hours** unless extended by agreement of parties.
    e. Maximum of **30** requests for admission by each party to any other party.
    f. Responses due **30 days** after service.
    g. Maximum of **30** requests for production of documents by each party to any other party.
    h. Responses due **30 days** after service.

15. All potentially dispositive motions filed by **January 30, 2027.**

16. Settlement of the case may be possible, but at this time alternative dispute resolution procedures do not appear to be necessary. If any of the parties believe the use of alternative dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

17. The parties have discussed settlement and will continue to discuss settlement as the case proceeds. At this time, settlement is unlikely before discovery occurs.

18. The discovery in this action will include Electronically Stored Information (ESI). In those cases where discovery of ESI is a probability, the parties shall discuss the substantive issues of the existence and location of the ESI, the preservation (including time period) of information, the ease/difficulty and costs of production, a schedule and format for production, and a plan for how to manage privilege and work product protection issues. An ESI production agreement as to how to manage these issues shall be included in the Report. If the parties cannot agree on an ESI production agreement, the disagreements are to be listed in the Report.

.

19. The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

20. The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**Consent Statement:**

Plaintiff's counsel has permission to file this Report of Parties' Planning Meeting on behalf of Defense counsel.

**Respectfully submitted this the 28th day of May 2026.**

*/s/ Noelle Sillmon*
Noelle Sillmon
Legally Noelle Services, LLC
P.O. Box 242141
Montgomery, AL 36124
(334) 513-1710
Legally.noelle@gmail.com
*Attorney for Plaintiff*

*/s/ R. Frank Springfield*
R. Frank Springfield (SPR024)
Jackson C. Burrow (BUR232)
fspringfield@burr.com
jburrow@burr.com
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5345
Attorneys for Defendant,
RESURGENT CAPITAL SERVICES L.P.